**LITTLER MENDELSON, P.C.**
Amber M. Spataro (NJ Bar No. 036892008)
aspataro@littler.com
Jennifer I. Fischer (NJ Bar No. 047432013)
jfischer@littler.com
One Newark Center, 8th Floor
Newark, New Jersey 07102
973.848.4700
Attorneys for Defendant
*Frontier Airlines, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNIFER LYNN HANLEY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>FRONTIER AIRLINES, INC.,<br><br>　　　　Defendant. | Civil Action No. 3:24-cv-10904-MAS-JBD<br><br>**DEFENDANT'S ANSWER AND SEPARATE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant Frontier Airlines, Inc., ("Defendant"), by and through its attorneys, Littler Mendelson, P.C., responds to the allegations in Plaintiff Jennifer Lynn Hanley's ("Plaintiff") Complaint as follows:

## AS TO THE INTRODUCTION

1. Defendant denies the allegations contained in Paragraph 1 of the Complaint.

## AS TO JURISDICTION AND VENUE

2. Paragraph 2 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction, but denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction, but denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that venue before this Court is proper, but denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. The allegations contained in Paragraph 5 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 5 of the Complaint.

## AS TO THE PARTIES

6. Defendant repeats and incorporates by reference its responses to the preceding allegations of the Complaint as if fully set forth herein.

7. Defendant lacks knowledge of information sufficient to form a belief about the truth of the allegations contained in Paragraph 7 of the Complaint, and on that basis denies those allegations.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Except to admit that Defendant does business in the state of New Jersey, Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

## AS TO THE FACTUAL BACKGROUND

11. Defendant repeats and incorporates by reference its responses to the preceding allegations of the Complaint as if fully set forth herein.

12. Defendant admits the allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant lacks knowledge of information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 of the Complaint, and on that basis denies those allegations.

18. Defendant lacks knowledge of information sufficient to form a belief about the truth of the allegations contained in Paragraph 18 of the Complaint, and on that basis denies those allegations.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant admits that Plaintiff exchanged emails with Daniel Moskowitz and Brandon Appel, the contents of which speak for themselves. Defendant denies any remaining allegations contained in Paragraph 20 of the Complaint inconsistent with the emails referenced therein.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant admits that Plaintiff exchanged emails with Moskowitz and Appel, the contents of which speak for themselves. Defendant denies any remaining allegations contained in Paragraph 32 of the Complaint inconsistent with the emails referenced therein.

33. Defendant lacks knowledge of information sufficient to form a belief about the truth of the allegations contained in Paragraph 33 of the Complaint, and on that basis denies those allegations.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant lacks knowledge of information sufficient to form a belief about the truth of the allegations contained in Paragraph 35 of the Complaint, and on that basis denies those allegations.

36. Defendant lacks knowledge of information sufficient to form a belief about the truth of the allegations contained in Paragraph 36 of the Complaint, and on that basis denies those allegations.

37. Defendant lacks knowledge of information sufficient to form a belief about the truth of the allegations contained in Paragraph 37 of the Complaint, and on that basis denies those allegations.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant lacks knowledge of information sufficient to form a belief about the truth of the allegations contained in Paragraph 39 of the Complaint, and on that basis denies those allegations.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

<u>**AS TO COUNT I**</u>
<u>**Violations of Title VII of the Civil Rights of 1964 ("Title VII")**</u>
<u>**and the Pregnancy Discrimination Act ("PDA")**</u>
<u>**([1] Pregnancy Discrimination; and [2] Retaliation)**</u>

45. Defendant repeats and incorporates by reference its responses to the preceding allegations of the Complaint as if fully set forth herein.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

<u>**AS TO COUNT II**</u>
<u>**Violations of the New Jersey Law Against Discrimination ("NJ LAD")**</u>
<u>**([1] Pregnancy Discrimination; and [2] Retaliation)**</u>

51. Defendant repeats and incorporates by reference its responses to the preceding allegations of the Complaint as if fully set forth herein.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

4898-9441-7419 / 057446.1093

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

## AS TO COUNT III
## Violations of the Family and Medical Leave Act ("FMLA")
## ([1] Retaliation; and [2] Interference)

58. Defendant repeats and incorporates by reference its responses to the preceding allegations of the Complaint as if fully set forth herein.

59. The allegations contained in Paragraph 59 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. The allegations contained in Paragraph 60 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. The allegations contained in Paragraph 61 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. The allegations contained in Paragraph 62 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. The allegations contained in Paragraph 63 of the Complaint contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

## AS TO WHEREFORE

Plaintiff's WHEREFORE provision and each of its subparts as detailed in Paragraphs A through F of the Complaint contain allegations to which a response is not required, but to the extent that a response may be required, Defendant denies that Plaintiff is entitled to any relief whatsoever, and further denies that it has committed any unlawful or wrongful act with respect to Plaintiff.

**WHEREFORE,** Defendant respectfully requests that the Court enter judgment in Defendant's favor and against Plaintiff, dismissing the Complaint as to Defendant in its entirety and with prejudice, and awarding Defendant attorney's fees, costs and such other and further relief as the Court deems equitable and just.

## GENERAL DENIAL

To the extent not explicitly denied herein, Defendant generally denies each and every allegation in the Complaint and further deny that Plaintiff has been damaged in the manner alleged or in any manner or amount or at all as a result of any alleged act or omission of Defendant.

## SEPARATE DEFENSES

Defendant hereby states the following separate defenses to the Complaint as follows, but does not assume the burden of proof of any such defenses except as required by applicable law with respect to the particular defense asserted. Defendant further reserves the right to assert other affirmative and additional defenses and/or otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

## FIRST SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, because her claims are preempted by the Airline Deregulation Act of 1978 and the Railway Labor Act of 1926.

## SECOND SEPARATE DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

## THIRD SEPARATE DEFENSE

The Complaint fails to state a claim upon which an award of punitive damages may be granted, and Defendant's good-faith efforts to prevent discrimination bars an award of such damages.

## FOURTH SEPARATE DEFENSE

The Complaint fails to state a claim upon which an award of attorneys' fees may be granted.

## FIFTH SEPARATE DEFENSE

Plaintiff's claims, or the damages she may recover, are barred or at least reduced by her failure to mitigate damages.

## SIXTH SEPARATE DEFENSE

All employment decisions regarding Plaintiff were made because of legitimate, non-discriminatory, and non-retaliatory reasons.

## SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrines of after-acquired evidence and/or unclean hands.

## EIGHTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver and estoppel.

## NINTH SEPARATE DEFENSE

Plaintiff's damages, if any, are wholly attributable to the wrongful acts, omissions, bad faith or conduct of Plaintiff.

## TENTH SEPARATE DEFENSE

To the extent Plaintiff alleges claims for negligence or for physical, mental or emotional distress, including claims for the recovery of any medical expenses incurred thereby, such claims are barred by the exclusive remedy provision of the New Jersey Workers' Compensation Act, N.J.S.A. 34:15-1 et seq.

## ELEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

## TWELFTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## THIRTEENTH SEPARATE DEFENSE

Plaintiff is barred from recovery inasmuch as the matters complained of were proximately caused by the actions and/or inactions of the Plaintiff.

## FOURTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant did not act intentionally or with malice.

## FIFTEENTH SEPARATE DEFENSE

Defendant took reasonable steps to comply with the NJLAD, FMLA, Title VII, PDA, and all other applicable laws, and any acts in violation thereof were in contravention of Defendant's good faith efforts to comply.

## SIXTEENTH SEPARATE DEFENSE

Plaintiff fails to state a cause of action under the NJLAD and FMLA for alleged interference with her ability to take medical leave, because, amongst other things, Plaintiff failed to abide by her obligations to timely request intermittent FMLA leave.

4898-9441-7419 / 057446.1093

## SEVENTEENTH SEPARATE DEFENSE

Defendants reserve the right to rely upon any and all further defenses which become available to it or appear during discovery or pre-trial proceedings in this action, based upon any facts it learns during discovery, and hereby specifically reserve the right to amend its Answer for the purpose of asserting any additional defenses.

**WHEREFORE**, Defendant requests judgment against Plaintiff with respect to her claims asserted in the Complaint, dismissing the Complaint in the above action, together with costs and disbursement of the above entitled action and any other relief this Court may deem just and proper.

## DEMAND FOR STATEMENT OF DAMAGES

Under Local Civil Rule 8.1, Defendant demands a written statement of the amount of damages claimed by Plaintiff within fourteen days of service of the within Answer.

## CERTIFICATION UNDER L. Civ. R. 11.2

The undersigned counsel for Defendant certifies that to the best of their knowledge and belief, the above-captioned controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: February 17, 2025

Respectfully submitted,

**LITTLER MENDELSON, P.C.**

*/s/ Jennifer I. Fischer*
Amber M. Spataro
Jennifer I. Fischer
**LITTLER MENDELSON, P.C.**
One Newark Center, 8th Floor
Newark, New Jersey 07102
P: (973) 848-4700
E: ASpataro@littler.com
E: JFischer@littler.com
Attorneys for Defendant
*Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2025, the foregoing Defendant's Answer and Separate Defenses to Plaintiff's Complaint was electronically filed with the court and served on Plaintiff's counsel, via electronic filing.

By:   /s/ *Jennifer I. Fischer*
      Amber M. Spataro, Esq.
      Jennifer I. Fischer, Esq.